# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **KENNETH & GAIL HEROLD** ) <br> ) <br> **Plaintiffs,** ) <br> v. ) <br> ) <br> **GENERAC POWER SYSTEMS, INC. and** ) <br> **GOODLEAP, LLC,** ) <br> ) <br> **Defendants.** ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. _____ <br><br> JUDGE: <br> MAGISTRATE JUDGE: <br><br><br> State Case No. 2023 CV 004268 |

## NOTICE OF REMOVAL

In accordance with the provisions of 28 U.S.C. §§ 1441 and 1446 *et seq.*, notice is given as follows:

1. Defendant, Generac Power Systems, Inc. ("Generac" or "Movant") hereby removes this action, captioned *Kenneth and Gail Herold v. General Power Systems, Inc. and GoodLeap, LLC*, Case No. 23 CV 004268, from the Court of Common Pleas of Franklin County, Ohio, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, *et seq*.

2. The Court of Common Pleas of Franklin County, Ohio is located within the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division.

3. Removal of this action is proper under 28 U.S.C. § 1441, *et seq*. This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as the action is a civil action

between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. This matter arises out of the purchase of a solar energy system for residential use. Plaintiffs purchased the solar energy system from Power Home Solar, LLC (not currently a party to this action) and financed the purchase through Defendant GoodLeap, LLC. Plaintiffs allege that the solar energy system included a battery cabinet manufactured by Defendant Generac. (*See* Exhibit 1, Plaintiff's Complaint).

5. On June 14, 2023, Plaintiffs filed a Complaint in the Court of Common Pleas of Franklin County, Ohio[1] against Defendants. Plaintiffs' Complaint alleges that Plaintiffs are permanent residents of Licking County, Ohio. Plaintiffs' Complaint alleges that the amount in controversy exceeds the jurisdictional minimum for the Court of Common Pleas ($25,000.00). (*See* Exhibit 1, at ¶ 8 and Request for Relief).

6. Plaintiffs' Complaint alleges that they entered into a contract for the purchase and installation of a solar energy system, at a base contract price of $56,947.00. (Exhibit 1, at ¶ 18). Plaintiffs financed the purchase of the solar energy system with Defendant GoodLeap at a rate of 2.99% annually, for a total finance charge over the course of the loan of $24,573.34. (Exhibit 1, at

---

[1] Plaintiff's filing of the Complaint in Franklin County, Ohio is improper. Ohio Rule of Civil Procedure 3(C) governs proper venue. Plaintiff argues that venue is proper in Franklin County because "the Defendants reside and/or transact business in the State of Ohio and/or Franklin County." (*See* Exhibit 1, at ¶ 9). Generac is a corporation and thus venue is proper in the county in which the Defendant has its principal place of business (*see* Civ. Rule 3(C)(2)). Here, that principal place of business is in Wisconsin. Thus, the proper inquiry is to look to other sections of Civ. Rule 3(C). Pursuant to Civ. Rule 3(C)(3), (5), and (6), venue is proper in Licking County, Ohio, where the solar energy system is located and where the claims arose. Plaintiffs seem to mistake the legal standard used to establish personal jurisdiction with the legal standard for establishing proper venue. *See e.g., Gionino's Pizzeria, Inc. v. Reynolds*, 2019 Ohio Misc. LEXIS 387, 2021-Ohio-1289 (November 4, 2019).

Regardless, removal to the Eastern Division makes venue a moot point, as Licking County and Franklin County are both located within the Eastern Division.

Plaintiffs' Exhibit D.4). The amount financed together with the finance charges totals $83,520.34. (Exhibit 1, at Plaintiffs' Exhibit D.4).

7. Plaintiffs' Complaint alleges damages for the purchase of the solar energy system and the finance charges, including statutory damages (treble damages) and punitive damages. (Exhibit 1, Request for Relief). Thus, the amount in controversy exceeds $75,000.00.

8. Plaintiff is a citizen of Ohio. (*See* Exhibit 1).

9. Both at the time of the commencement of the State Court Action and at the present time, the Defendant, Generac Power Systems, Inc., was a corporation organized under the laws of the State of Wisconsin. (*See* Exhibit 2, Certificate of Status of Generac Power Systems, Inc.).

10. Generac's principal place of business is located at SW45W29290 State Road 59 in Waukesha, Wisconsin. (*See* Exhibit 3, Wisconsin Department of Financial Institutions Corporate Record).

11. A corporation's citizenship for diversity purposes is its place of incorporation and its principal place of business. *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 Fed. Appx. 249, 250 (6th Cir. 2003). Thus, Generac is a citizen of Wisconsin for the purposes of diversity.

12. Upon information and belief, GoodLeap is a limited liability company and its members are citizens of the States of California, Delaware, and Texas, for purposes of diversity. GoodLeap has five members: GoodLeap Paramount GR Holdings, LLC, a California LLC; Paramount Owner Holding Company, Inc., a Delaware corporation with a principal place of business in California; Hayes Barnard, a natural person residing in Texas; Tanguy Serra, a natural person residing in California; and Matthew Dawson, a natural person residing in California. GoodLeap Paramount GR Holdings, LLC, has two members: Paramount Owner Holding Company Inc., a Delaware corporation with a principal place of business in California, and BKM

Holdings LLC, a California LLC. The sole member of BKM Holdings LLC is Hayes Barnard. (*See* Exhibit 4, Notice of Removal filed by GoodLeap in *Armstrong v. Power Home Solar, LLC, et al.*, Case No. 3:22-cv-01721-JJH; *and* Exhibit 5, Order dated September 27, 2022 in the *Armstrong* matter, holding that GoodLeap's assertion of the citizenship of its members in the Notice of Removal, without more, is sufficient for the Court to determine the LLC's citizenship).

13. A limited liability company's citizenship for diversity purposes is determined by the citizenship of all of its members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

14. Accordingly, complete diversity of citizenship exists between Plaintiff, an Ohio citizen, and Defendants, citizens of California, Delaware, Texas, and Wisconsin. *See* 28 U.S.C. §§ 1332, 1441.

15. This removal is timely. Generac has a statutory right to file its Notice of Removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief …" 28 U.S.C. § 1446(b)(1).

16. Given that the first indication that the case was removable was the service of the Complaint on June 20, 2023, the thirty-day time frame has not yet run on Generac's right to seek removal of this action, and this Notice is therefore timely.

17. Written notice of the filing of this Notice of Removal is being given promptly to Plaintiffs by service hereof, and a copy of the Notice of Removal is being filed promptly with the Court of Common Pleas of Franklin County, Ohio, as required by 28 U.S.C. § 1446(d).

18. As required by 28 U.S.C. § 1446(a), Generac attaches a copy of all process, pleadings and orders served upon the Defendants in State Court. (*See* Exhibit 6, State Court Record).

19. By removing this action, Generac does not waive any defenses available to it.

20. If any question arises as to the propriety of the removal of this action, Generac requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

21. This Notice is signed and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, Generac Power Systems, Inc., removes this action from the Court of Common Pleas of Franklin County, Ohio, Case No. 2023 CV 004268, to this Honorable Court.

Respectfully submitted,

*/s/ Michelle L. Casper*
Michelle L. Casper (0091321)
ULMER & BERNE LLP
65 East State Street, Suite 1100
Columbus, Ohio 43215-4213
(614) 229-0036; (614) 229-0037 Fax
mcasper@ulmer.com

*Counsel for Defendant, Generac Power Systems, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2023, a copy of the foregoing *Notice of Removal* was filed electronically and provided via e-mail to counsel of record. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System (CM/ECF). Parties may access this filing through the Court's system.

Jeffrey T. Perry
Campbell Perry, LLC
7240 Muirfield Drive, Suite 120
Dublin, OH 43017
jeff@campbellperrylaw.com

*Counsel for Plaintiffs*

Edwin J. Hollern
Edwin J. Hollern Co. LPA
522 North State Street
Westerville, OH 43082
ehollern@ejhlaw.com

*Counsel for Defendant GoodLeap, LLC*

    */s/ Michelle L. Casper*
    Michelle L. Casper
    ULMER & BERNE LLP