IN THE COMMON PLEAS COURT OF FRANKLIN COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| KENNETH & GAIL HEROLD<br>18 Forward Pass Road SW<br>Pataskala, OH 43062 | : <br> : <br> : <br> : | CASE NO. |
| Plaintiffs | : <br> : | JUDGE: |
| -vs- | : <br> : <br> : | |
| GENERAC POWER SYSTEMS, INC.<br>C/O Registered Agent<br>National Registered Agents, Inc.<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219 | : <br> : <br> : <br> : <br> : <br> : | **CATEGORY H**<br>**COMPLAINT**<br><br>**(Jury Demand**<br>**Endorsed Herein)** |
| GOODLEAP, LLC<br>C/O Registered Agent<br>CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219 | : <br> : <br> : <br> : <br> : | |
| Defendants | : | |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

Now come Plaintiffs **Kenneth Herold** (hereinafter "Mr. Herold" or "Plaintiff(s)") and **Gail Herold** (hereinafter "Mrs. Herold" or "Plaintiff(s)"), by and through counsel, and for their Complaint against the Defendants **Generac Power Systems, Inc.** (hereinafter "Generac" or "Defendant(s)") and **GoodLeap, LLC** (hereinafter "GoodLeap" or "Defendant(s)"), Plaintiffs state as follows:

1. This is an action brought under the laws of the State of Ohio for violations of Ohio's Consumer Sales Practices Act, R.C. § 1345.01 *et seq.* ("CSPA"), violations of Ohio's

1

Home Construction Service Suppliers Act, R.C. § 4722.01 *et seq.* ("HCSSA"), tortious breach of warranty, unjust enrichment, and for negligence.

## JURISDICTION AND VENUE

2. Defendant Generac Power Systems, Inc. is a foreign corporation (entity no. 2228058) that maintains its registered agent at 4400 Easton Commons Way, Suite 125, Columbus, Franklin County, Ohio.

3. Defendant GoodLeap, LLC is a foreign limited liability company (entity no. 2406461) that maintains its registered agent at 4400 Easton Commons Way, Suite 125, Columbus, Franklin County, Ohio.

4. This Court has personal jurisdiction over the Defendants in that Defendants reside and/or transact or transacted business in the State of Ohio and Franklin County.

5. Venue is proper in this Court pursuant to Ohio Civ. R. 3(C)(1) in that the Defendants reside and/or transact business in the State of Ohio and/or Franklin County.

6. Jurisdiction over the subject matter of this action lies with this Court pursuant to R.C. § 1345.04 of the Consumer Sales Practices Act ("CSPA") and the Home Construction Service Suppliers Act ("HCSSA"), R.C. § 4722.01 *et seq*.

7. This is an action for damages in an amount exceeding Twenty-Five Thousand and No/$^{100}$ ($25,000.$^{00}$) Dollars and hence is within the subject matter jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL CLAIMS

8. The Plaintiffs are sui juris and permanent residents of Licking County Ohio.

9. Defendants are both sui juris.

10. At all times material, Defendants and their agents, employees, and representatives were residing and/or transacting business in Franklin County Ohio.

2

11. At all times hereinafter mentioned and at the time of the incidents complained of, Defendants did hire agents, employees, and representatives, and Defendants exercised jurisdiction and control over the procedures that said agents, employees, and representatives had the privilege to perform, and Defendants determined the qualifications or lack of qualifications of said agents, employees, and representatives, as the same related to those procedures and duties that were devised by Defendants for the aforementioned agents, employees, and representatives.

12. Defendants are general contractors and/or builders, doing business in the State of Ohio.

13. Defendants are "Supplier(s)" as that term is defined in R.C. § 1345.01(C), as they engaged in the business of effecting "Consumer Transactions" by soliciting consumers either directly or indirectly for home reconstruction and home solar array goods and services for a fee, within the meaning of R.C. § 1345.01(A).

14. The transaction(s) complained of is/are a "Consumer Transaction(s)" as that term is defined in R.C. § 1345.01(A).

15. The Plaintiffs are "Consumer(s)" as that term is defined in R.C. § 1345.01(D).

16. Defendants are "Home Construction Service Supplier(s)" as that term is defined in R.C. § 4722.01(D).

17. The contract(s) complained of is/are a "Home Construction Service Contract(s)" as that term is defined in R.C. § 4722.01(C).

18. On or about December 22, 2021, the Plaintiffs entered a contract for the purchase and installation of a solar energy system for the total sum of $56,947.$^{00}$. *See* Exhibit A.

19. Pursuant to the contract, the Plaintiffs' purchase included a battery cabinet from Defendant Generac, with three 3.0 kWh modules, for $21,500.$^{00}$. *Id.*

3

20. The Plaintiffs were provided a written warranty styled, '"Generac Power Systems Limited Warranty for Generac PWRcell™" *See* Exhibit B.

21. The Plaintiffs were further provided a document styled, "Terms of Purchase and Installation." *See* Exhibit C.

22. Paragraph 9 of the Terms of Purchase and Installation specifies the applicable manufacturer warranties, including the Generac Manufacturer Limited Warranty. *Id.*

23. The Plaintiffs were introduced to Defendant GoodLeap, and they were induced to enter a twenty-one (21) page, twenty-five (25) year finance agreement. *See* Exhibit D.

24. On information and belief, both the $56,947.$^{00}$ purchase price, and the twenty-five (25) year finance agreement are outrageous and unconscionable.

25. On information and belief, the Generac PWRcell™ system is a purported solar energy and battery storage system, that is experiencing widespread issues due to the component known as the SnapRS.

26. The SnapRS is understood to function like a circuit breaker, intended to shut down individual solar panels in the event of a power surge.

27. In response to house fires caused by exploding SnapRS units, Generac attempted two workarounds, but did not issue a manufacturer recall. Neither workaround was successful.

28. Following a firmware update, the SnapRS component now shuts down the solar system entirely, whether a power surge is encountered or not.

29. Due to Generac's defective equipment, the Plaintiffs' system was rendered unusable, and the Plaintiffs were left at risk for damage to their system and their home.

4

30. Mr. and Mrs. Herold repeatedly contacted Generac to remedy the above-outlined issues, which Generac either could not or would not do.

31. Pursuant to their duty to mitigate damages, on or about July 21, 2022, the Plaintiffs hired an area electrical contractor to replace various defective fuses, and to install a surge protector. *See* Exhibit F.

32. The solar energy system is nonfunctional.

33. The project was not completed in a workmanlike manner.

34. Defendants purportedly warranted their work.

35. Defendants breached the warranty, and failed to complete work as represented or as specified.

36. Defendants' design and construction was negligent and/or defective.

37. Defendants made numerous misrepresentations.

38. Notwithstanding the applicable warranties, Defendants refused to remedy the issues outlined herein.

39. Defendants knowingly failed to perform construction services in a "workmanlike manner" as that term is defined by the standards of similar professionals in the community.

40. Defendants knowingly failed to perform construction services in a "workmanlike manner" as that term is defined in R.C. § 4722.01(G).

41. Defendants provided shoddy and substandard services to the Plaintiffs and then failed to correct such services.

42. Defendants knowingly failed to provide a refund when work was not completed as agreed and warranted, and when payment was received.

5

43. The Plaintiffs' solar energy system is unusable for its intended purpose.

44. On or about March 19, 2023, the Plaintiffs made a written demand, through counsel, for damages, and otherwise revoked acceptance. A true and accurate copy of the Plaintiffs' written demand is attached hereto marked Exhibit G.

45. Defendants refused to honor the Plaintiffs' demand.

46. Defendants have yet to correct the defective conditions outlined herein, and have yet to provide a refund.

47. Due to Defendants' wrongful actions, Mr. & Mrs. Herold have suffered an unjust cost.

## COUNT ONE
## CONSUMER SALES PRACTICES ACT

48. The Plaintiffs adopt, re-allege, and incorporate by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein, and further allege the following matters.

49. This claim is for violation of R.C. § 1345.01 *et seq.*

50. Defendants violated R.C. § 1345.01 *et seq.* in one or more ways, and knowingly committed said unfair, deceptive, and unconscionable acts and practices.

51. Defendants committed unfair or deceptive acts or practices in violation of the CSPA, R.C. § 1345.02(A), by accepting money from the Plaintiffs for goods and services, and failing to deliver services in a workmanlike manner, without making a full refund, and without furnishing similar goods or services of equal of greater value as a good faith substitute.

52. Defendants committed unfair or deceptive acts and practices in violation of the CSPA, § 1345.02(A), by performing shoddy and substandard work, and then failing to correct such work.

6

53. The acts or practices described herein have been previously determined by Ohio courts to violate the CSPA, R.C. § 1345.01 *et seq*. Defendants committed said violations after such decisions were available for public inspection pursuant to R.C. § 1345.05(A)(3).

54. As a direct and proximate cause of Defendants' violations of R.C. § 1345.01 *et seq.*, the Plaintiffs were rendered without the use and enjoyment of the home while Defendants knew or should have known that was unfair to the Plaintiffs.

55. As a direct and proximate cause of Defendants' violations of R.C. § 1345.01 *et seq.*, the Plaintiffs suffered an unjust cost and are entitled to relief.

## COUNT TWO
## HOME CONSTRUCTION SERVICE SUPPLIERS ACT

56. The Plaintiffs adopt, re-allege, and incorporate by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein, and further allege the following matters.

57. Defendants violated the HCSSA, R.C. § 4722.03(A)(3)(d), by failing to perform the home construction service in a "workmanlike manner."

58. Defendants violated the HCSSA, R.C. § 4722.03(A)(3)(f), by failing to provide a full refund for goods and services that Defendants failed to deliver in accordance with the terms and conditions as agreed and warranted, and for which Defendants received payment.

59. As a direct and proximate cause of Defendants' violations of R.C. § 4722.01 *et seq.*, the Plaintiffs were rendered without the use and enjoyment of the home while Defendants knew or should have known that was unfair to the Plaintiffs.

60. As a direct and proximate cause of Defendants' violations of R.C. § 4722.01 *et seq.*, the Plaintiffs suffered an unjust cost and are entitled to relief.

7

## COUNT THREE
## TORTIOUS BREACH OF WARRANTY

61. The Plaintiffs adopt, re-allege, and incorporate by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein, and further allege the following matters.

62. This claim is for tortious breach of warranty.

63. Defendants warranted the subject equipment when it was distributed and installed. Defendants knew or should have known the Plaintiffs would reasonably rely upon said warranty.

64. Defendants knew or should have known the subject equipment would be used in the state of Ohio, and Defendants regularly do or solicit business in, or engage in a persistent course of conduct in, the state of Ohio.

65. Defendants and their agents, employees, and representatives failed to comply with the subject equipment's warranty, notwithstanding Plaintiffs' performance of all conditions precedent.

66. As a direct result of Defendants' breach, the Plaintiffs sustained damages including, but not limited to, the money paid to Defendants, diminution in value, loss of use of the subject equipment, loss of use of the home, inconvenience, incidental damages, and consequential damages.

## COUNT FOUR
## UNJUST ENRICHMENT

67. The Plaintiffs adopt, re-allege, and incorporate by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein, and further allege the following matters.

8

68. The Plaintiffs conferred a benefit upon Defendants by tendering money to Defendants for the delivery of goods and services as outlined herein.

69. Defendants accepted Plaintiffs' monies and did not complete the work to justify the monies received. Defendants' products and services were neither "workmanlike" nor completed in a competent manner.

70. As a direct and proximate result of said unjust enrichment, the Plaintiffs have suffered monetary damages.

### COUNT FIVE
### NEGLIGENCE

71. The Plaintiffs adopt, re-allege, and incorporate by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein, and further allege the following matters.

72. Defendants owed Plaintiffs a duty to provide design and construction services in a "workmanlike manner."

73. At all times relevant herein, Defendants negligently failed to provide goods and "workmanlike" services.

74. At all times relevant hereto, Defendants owed and owe a duty to the Plaintiffs to inter alia:

   a. Provide a written contract including agreements and conditions pursuant to R.C. § 4722.02.

   b. Provide design expertise, materials, and construction services in a "workmanlike manner" as that term is defined by the standards of similar professionals in the community.

9

    c. Provide design expertise, materials, and construction services in a "workmanlike manner" as that term is defined in R.C. § 4722.01(G).

    d. Comply with the structural design requirements of section 301 of the Residential Code of Ohio (RCO), as applies to residential buildings and structures pursuant to section 324.1. Ohio Admin. Code 4101:8-3-01 (2016).

    e. Correct any and all shoddy and/or substandard services.

    f. Provide a refund for work not completed as agreed when payment was received.

75. Defendants breached this duty of care when they designed and constructed the project in such a way that the home was/is not safe, not in compliance with the Residential Code of Ohio (RCO), and when they failed to correct such services, and failed to provide a refund.

76. As a direct and proximate cause of Defendants' breach, the Plaintiffs have suffered and continue to suffer damages including, but not limited to, the money paid to Defendants, diminution in value, loss of use of the subject equipment, loss of use of the home, inconvenience, emotional distress, incidental damages, and consequential damages.

77. Defendants are liable for all incidental and consequential damages, including punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE**, on all claims the Plaintiffs demand judgment in their favor and against Defendants Generac Power Systems, Inc. and GoodLeap, LLC as follows:

A. Declaratory judgment that each act or practice complained of herein violates the CSPA, its Substantive Rules, and the HCSSA, in the manner set forth in the Complaint.

B. Compensatory damages in an amount in excess of Twenty-Five Thousand and No/$^{100}$ ($25,000.$^{00}$) Dollars to be proven at trial; and

C. Statutory damages including, but not limited to, treble damages; and

D. Punitive damages; and

E. Prejudgment and post judgment interest at the statutory rate; and

F. The Plaintiffs' expenses of litigation, including reasonable attorney's fees and costs of this action; and

G. Such other relief as this Court shall deem proper.

Respectfully submitted,

/s/ Jeffrey T. Perry
Jeffrey T. Perry (0088989)
CAMPBELL PERRY, LLC
7240 Muirfield Drive, Suite 120
Dublin, OH 43017
(614) 668-8442
(614) 675-2210 fax
*jeff@campbellperrylaw.com*

*Counsel for Plaintiffs*
Kenneth & Gail Herold

11

## JURY DEMAND

Plaintiffs respectfully request a trial by jury as to all claims so triable.

Respectfully submitted,

/s/ Jeffrey T. Perry
Jeffrey T. Perry (0088989)
CAMPBELL PERRY, LLC
7240 Muirfield Drive, Suite 120
Dublin, OH 43017
(614) 668-8442
(614) 675-2210 fax
*jeff@campbellperrylaw.com*

*Counsel for Plaintiffs*
Kenneth & Gail Herold

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served this 14'th day of June, 2023 addressed to the following:

GENERAC POWER SYSTEMS, INC.
C/O Registered Agent
National Registered Agents, Inc.
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

GOODLEAP, LLC
C/O Registered Agent
CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

/s/ Jeffrey T. Perry
Jeffrey T. Perry
Supreme Court No.: 0088989

*Counsel for Plaintiffs*
Kenneth & Gail Herold

13